UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                Case No. 18-cv-10258
                                                Honorable Linda V. Parker

JOHN DOE subscriber assigned IP
address 104.59.141.184,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

On January 22, 2018, Plaintiff Malibu Media, LLC ("Plaintiff") filed this lawsuit against an unknown individual alleging the individual infringes upon Plaintiff's copyrights by downloading and distributing Plaintiff's copyrighted movies. Presently before the Court is Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, filed January 22, 2018. (ECF No. 2.) Plaintiff filed the motion seeking to serve a subpoena on AT&T Internet Services ("AT&T") in order to identify the individual associated with the Internet Protocol ("IP") address from which the alleged infringing conduct is being committed. For the reasons that follow, the Court grants Plaintiff's motion with certain conditions imposed.

Plaintiff operates a subscription based website. (ECF No. 4 at Pg ID 25.) Plaintiff claims Defendant downloads and distributes Plaintiff's copyrighted works, without Plaintiff's authorization, permission or consent. (*Id*.) IPP International UG, on behalf of Plaintiff, has identified the IP address being used by the individual conducting the alleged infringing activity. (Pelissier Decl. ¶ 18, ECF N. 4, Ex. A.)

Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits the propounding of discovery prior to a Rule 26(f) conference, except in limited circumstances not applicable here or when authorized by court order. A number of courts have applied a "good cause" standard to determine whether such discovery should be authorized. *See, e.g.*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (citing cases); *Patrick Collins, Inc. v. Does 1-28*, No. 12-13670, 2012 U.S. Dist. LEXIS 124349, at *2 (E.D. Mich. Aug. 31, 2012). In copyright infringement cases like the present one, courts routinely find good cause to permit discovery in advance of a Rule 26(f) conference to identify the defendants where: (1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; (4) there is a central need for the subpoenaed information; and (5) there is a minimal expectation of privacy on the part of the defendant. *See Arista Records, LLC v. Doe*, 604 F.3d

110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Arista Records LLC*, 551 F. Supp. 2d at 6-7 (citing cases).

Plaintiff establishes that "good cause" exists for it to serve a third-party subpoena on AT&T in advance of a Rule 26(f) conference. Plaintiff makes a prima facie showing of a claim of copyright infringement, submits a specific discovery request, establishes that there are no alternative means to obtain the information that its seeks through the discovery, establishes a central need for the information, and Defendant has a minimal expectation of privacy. It is clear to the Court that Defendant must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, **with certain limitations outlined herein**:

1. Plaintiff may serve immediate discovery on AT&T to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Defendant, including the individual's name and current (and permanent) addresses. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

2. Plaintiff shall attach a copy of this Opinion and Order to each subpoena that it issues.

3. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

4. If and when AT&T is served with a subpoena, it shall give written notice, which may include e-mail notice, to the subscriber in question within seven (7) days of service of the subpoena. If AT&T and/or Defendant wants to file a motion in response to the subpoena, the party must do so before the return date of the subpoena, which shall not be less than thirty (30) days from the date of such written notice.

5. AT&T shall not produce the information requested before the return date of the subpoena or the resolution of any timely filed motion challenging the subpoena, whichever occurs later.

**SO ORDERED**.

Date: January 30, 2018

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the absence of Richard Loury
Case Manager